IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARROLLCLEAN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01359-N |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff CarrollClean LLC's ("CarrollClean") motion to strike Defendant ACE American Insurance Company's ("ACE") affirmative defenses or motion for more definite statement [7]. Because the federal rules do not allow CarrollClean a responsive pleading, the Court denies the motion for more definite statement. Further, because ACE's affirmative defense pleadings provide fair notice of the defenses raised, the Court denies the motion to strike.

## I. ORIGINS OF THE MOTION

CarrollClean filed this lawsuit against its insurer, ACE, in state court seeking to recover under an insurance policy for property damage caused by a windstorm. *See* Pl.'s Original Pet. [1-3]. Based on ACE's allegedly deficient investigation and biased claim adjustment practices, *see id.* ¶¶ 10–38, CarrollClean brought claims for breach of contract, unfair claims practices, violations of the Texas Prompt Payment of Claims Act, and breach of duty of good faith and fair dealing. *Id.* at 7–9. ACE removed the case to federal court

ORDER – PAGE 1

and filed an answer raising sixteen affirmative defenses and no counterclaims. Def.'s Answer 8–11 [4]. CarrollClean filed a motion to strike and motion for more definite statement arguing that many of ACE's affirmative defenses are insufficiently detailed under federal pleading rules.

## II. LEGAL STANDARDS

### A. *Legal Standards for Pleading Defenses and for Rule 12(f) Motions to Strike*

When asserting an affirmative defense, a party must "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b)(1)(A). The Court evaluates the sufficiency of affirmative defense pleadings under the Fifth Circuit's "fair notice" standard.[1] *Reinforced Earth Co. v. T & B Structural Sys.*, 2013 WL 10989994, at *5 (N.D. Tex. 2013) (Godbey, J.); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A party must plead its defense so as to not cause unfair surprise, and "in some

---

[1] The Court disagrees with CarrollClean's statement that defenses "are subject to all the same pleading requirements applicable to complaints." Pl.'s Br. Supp. 3 [8]. Although CarrollClean does not explicitly argue that the *Iqbal* and *Twombly* plausibility standard applies here, it is important to note that it does not. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To the Court's knowledge, no court in this circuit has imported the plausibility standard to the affirmative defense context. The Court remains persuaded that *Iqbal* and *Twombly* do not apply to affirmative defenses for the reasons explained in *Reinforced Earth Co. v. T & B Structural Sys.*, 2013 WL 10989994, at *5–6 (N.D. Tex. 2013) (Godbey, J.). *See also E.E.O.C. v. Courtesy Building Servs., Inc.*, 2011 WL 208408, at *2 (N.D. Tex. 2011) (Fitzwater, C.J.); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004, 2021 update) ("The better view is that the plausibility standard only applies to the pleading of affirmative claims for relief," making "a Rule 12(f) motion . . . an inappropriate vehicle for challenging legally sufficient defenses that lack the level of factual detail that would be required to satisfy plausibility pleading.").

ORDER – PAGE 2

cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court may strike a defense as insufficient if the defense is insufficient as a matter of law or if the pleading fails to give fair notice of the defense raised. *E.E.O.C. v. Courtesy Building Servs., Inc.*, 2011 WL 208408, at *1 (N.D. Tex. 2011). However, granting a motion to strike is a drastic remedy that should be used sparingly. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). The Court should strike a matter as impertinent or immaterial only when it has "no possible relation to the controversy." *Id.* (citing *Brown & Williamson Tobacco Corp.*, 201 F.3d at 822). Further, the Court should not utilize a motion to strike to decide disputed questions of fact. *Id.*

### B. Legal Standard for Rule 12(e) Motion for More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Whether to grant a Rule 12(e) motion is a decision within the trial court's discretion. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). Because the liberal federal pleading rules generally require only that a pleading gives fair notice and enables the opposing party to prepare a response, courts generally disfavor motions for a more definite statement. *See LSF7 NPL V Trust v. Flagstar Bank, FSB*, 2012 WL 3867106, at *2 (N.D. Tex. 2012) (citing *Russell v. Grace*

ORDER – PAGE 3

*Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. 2005)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (3d ed. 2004) (compiling cases).

### III. THE COURT DENIES THE MOTION FOR MORE DEFINITE STATEMENT

As an initial matter, the Court denies CarrollClean's motion for more definite statement because the text of Rule 12(e) makes clear the requested relief is not available when no responsive pleading is allowed. *See Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004) (noting "Rule 7(a) does not permit a responsive pleading to an affirmative defense or answer unless the court orders one"); *see also* WRIGHT & MILLER, *supra*, § 1376 (explaining that a Rule 12(e) motion should not be directed at a pleading that contains no claim for relief, such as an answer containing affirmative defenses, unless a court orders a reply). ACE's answer asserts several affirmative defenses but raises no counterclaims. Because CarrollClean is not allowed a responsive pleading, relief under Rule 12(e) is unavailable. Thus, the Court denies the motion for more definite statement.

### IV. THE COURT DENIES THE MOTION TO STRIKE

The Court proceeds to analyze each of CarrollClean's requests to strike an affirmative defense below, keeping in mind that striking a pleading is disfavored. Because each affirmative defense meets the fair notice pleading standard and is undeniably related to the controversy in this case, the Court denies the motion as to each affirmative defense.

### A. The Court Denies CarrollClean's Motion to Strike ACE's First Affirmative Defense

The Court denies CarrollClean's motion to strike ACE's first affirmative defense of failure to state a claim upon which relief can be granted. Rule 12(h)(2)(A) explicitly allows this defense to be raised in a responsive pleading. FED. R. CIV. P. 12(h)(2)(A). CarrollClean argues the defense is vague and ambiguous because it fails to identify the specific pleading deficiency. The Court disagrees that this lack of detail supports striking the defense, because the general statement of this defense is sufficient to give fair notice. The defense is related to the controversy and it is not legally deficient. Thus, the Court denies CarrollClean's motion to strike ACE's first affirmative defense.

### B. The Court Denies CarrollClean's Motion to Strike ACE's Second and Tenth Affirmative Defenses

The Court denies CarrollClean's motion to strike ACE's second and tenth affirmative defenses alleging that the claimed losses are not covered by the policy. The second affirmative defense reads:

> Plaintiff's claims are subject to all terms, conditions, limitations, and exclusions contained in [the policy] and any endorsements attached thereto issued to Plaintiff for the policy period October 1, 2018 to October 1, 2019. The Policy speaks for itself and is the best evidence of any coverage it provides.

Def.'s Answer 8. The tenth affirmative defense similarly states that "Plaintiff's claims are barred . . . by the terms, limitations, sub-limits, endorsements, and exclusions contained in the Policy under which Plaintiff seeks to recover." *Id.* at 10. These defenses are sufficient at the pleading stage to give fair notice of the defenses raised, i.e., that the alleged damages are not covered by the policy. CarrollClean cites out-of-circuit authority for the proposition

ORDER – PAGE 5

that a defendant must specify which aspects of the policy preclude coverage at the pleading stage, but that court applied the *Twombly* and *Iqbal* plausibility standards that require significantly more factual detail. *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 598 (S.D. Fla. 2019). That is not the standard in the Fifth Circuit. The defenses here are related to the controversy and CarrollClean does not argue that they are legally insufficient. For the reasons above, the Court denies the motion to strike ACE's second and tenth affirmative defenses.

### C.  The Court Denies CarrollClean's Motion to Strike ACE's Third Affirmative Defense

The Court denies CarrollClean's motion to strike ACE's third affirmative defense asserting "Plaintiff's claims are barred . . . to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period." Def.'s Answer 8. CarrollClean argues that the defense (1) fails to state the specific facts showing CarrollClean failed to meet a duty or burden in the contract, and (2) fails to state which condition precedent has not been met under the heightened pleading standard of Rule 9(c). FED. R. CIV. P. 9(c) ("[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity."). However, ACE's third affirmative defense does not state CarrollClean failed to meet a duty or that a condition precedent had not been met. CarrollClean misquotes the defense and directs its arguments at a defense that does not appear in ACE's third affirmative defense or anywhere else in its answer. *Compare* Mot. to Strike 5, *with* Def.'s Answer 8. Accordingly, CarrollClean has

not explained how this defense falls within any category covered by Rule 12(f), and the Court denies the motion to strike ACE's third affirmative defense.

### D.  The Court Denies CarrollClean's Motion to Strike ACE's Sixth, Seventh, Eighth, and Ninth Affirmative Defenses

The Court denies the motion to strike ACE's sixth, seventh, eighth, and ninth affirmative defenses involving various allegations of CarrollClean's conduct.  In pleading these defenses, ACE disclaims liability based on CarrollClean's (1) failure to take reasonable steps to protect the property; (2) actions or omissions causing or contributing to the alleged damage; (3) failure to allocate damages between covered and noncovered losses; and (4) failure to mitigate damages.  Def.'s Answer 9–10.  CarrollClean argues these are conclusory allegations that fail to specify the relevant actions or omissions.  However, these details are not required to plead an affirmative defense and the defenses provide fair notice of the defenses raised.  CarrollClean does not argue these defenses are legally insufficient or unrelated to the controversy.  Accordingly, the defenses are sufficient under the ordinary pleading standard for affirmative defenses.

The Court rejects CarrollClean's contention that these defenses are subject to the heightened pleading standard of Rule 9(c) governing failure to perform a contract and nonoccurrence of conditions precedent.  Fed. R. Civ. P. 9(c) ("[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity.").  While this pleading rule does apply to affirmative defenses, the defenses raised do not appear to be based on allegations of the nonoccurrence of conditions precedent or allegations of a failure to perform duties in the contract.  Thus, the heightened

pleading standard does not apply. Because the defenses are sufficient under the ordinary fair notice pleading standard, the Court denies the motion to strike ACE's sixth, seventh, eighth, and ninth affirmative defenses.

## CONCLUSION

Because a Rule 12(e) motion for more definite statement is not available unless a responsive pleading is allowed, the Court denies CarrollClean's motion for more definite statement. Further, because the affirmative defenses in ACE's complaint satisfy the fair notice pleading standard for affirmative defenses, the Court denies the motion to strike.

Signed February 28, 2022.

David C. Godbey
United States District Judge